**Lucy FILS–AIME, Plaintiff–Appellant,**

v.

**CHASE MANHATTAN BANK, Defendant–Appellee.**

**No. 99–9435.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2001.

Lucy Fils–Aime, Staten Island, NY, pro se.

Todd A. Gutfleisch, The Chase Manhattan Legal Department, New York, NY, for appellee.

Present MESKILL, LEVAL and CALABRESI, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Lucy Fils–Aime ("appellant" or "Fils–Aime") appeals from a judgment of the United States District Court for the Southern District of New York (Rakoff, J.) dismissing her Title VII claim as time barred. The district court found that appellant failed to file her claim with the Equal Employment Opportunity Commission ("EEOC") within the three hundred day statute of limitations. Fils–Aime contends that the district court erred in rejecting her arguments for equitable tolling. We affirm.

### BACKGROUND

On June 26, 1995, appellant, who had been employed by Chemical Bank (now

Chase Manhattan Bank) ("defendant" or "Chase") for over twenty years, was terminated for allegedly using abusive language during a conversation with a supervisor. On March 26, 1996, Fils–Aime filed a charge with the New York State Division of Human Rights ("NYSDHR"), alleging that the stated reason for her termination was pretextual and that she had actually been fired because she is a black woman. On September 15, 1997, the NYSDHR issued a Determination and Order indicating that there was no probable cause to believe that Chase's conduct was unlawful. Appellant filed a charge with the EEOC on May 12, 1998, and a right to sue notice was issued on that day.

In August 1998, appellant filed a *pro se* complaint against Chase alleging employment discrimination on the basis of her race, color, and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, New York Executive Law § 290, *et seq.*, and the New York City Administrative Code, attaching copies of the documents related to her NYSDHR and EEOC filings. The complaint alleged that Chase (1) failed to compensate Fils–Aime in a manner commensurate with similarly situated white employees, (2) discriminated against her in the terms and conditions of her employment by failing to credit her for work she had performed, and (3) retaliated against her unlawfully by terminating her after she complained that one of her supervisors reprimanded her unfairly. Chase moved to dismiss on the ground that her claim was untimely because she had failed to file her charge with the EEOC, as required by 42 U.S.C. § 2000e–5(e)(1), within three hundred days of the alleged unlawful employment practice.

In her papers opposing defendant's motion to dismiss, Fils–Aime sought to excuse the lateness of her filing by stating that she had experienced serious psychiatric problems after she was fired, and that she believed her filing with the NYSDHR automatically triggered a filing with the EEOC.

The district court referred the matter to Magistrate Judge Eaton, to whom evidence was submitted on plaintiff's claim for equitable tolling. Magistrate Judge Eaton found that Fils–Aime had failed to provide an adequate excuse for the untimeliness of her filing with the EEOC. With respect to Fils–Aime's claim based on her psychiatric condition, Magistrate Judge Eaton explained the he could "find no support in the case law to conclude that the evidence of severe depression is a sufficient basis to toll the statute." He also noted that Fils–Aime did not "claim that she was misinformed by the EEOC, or by the [NYSDHR], about the deadline." Accordingly, Magistrate Judge Eaton recommended to the district court that Fils–Aime's complaint be dismissed as untimely, and notified her of her right to file objections with the district court.

In the district court, Fils–Aime filed an objection to Magistrate Judge Eaton's recommendation, contending for the first time that NYSDHR told her in an oral conversation that her complaint would be cross-filed with the EEOC. Judge Rakoff refused to expand the record to consider this tardy assertion, noting that Fils–Aime had never raised this claim before the magistrate judge and that the claim was furthermore contradicted by her earlier assertion before the magistrate judge that she did not speak with anyone at the NYSDHR on the subject of dual filing. The district court then adopted Magistrate Judge Eaton's recommendation, affirmed his conclusion that equitable tolling was not warranted, and dismissed the complaint as time barred.

This appeal followed.

## DISCUSSION

While it is clear that Fils–Aime failed to file a charge with the EEOC within three hundred days of her termination, the filing of a timely charge with the EEOC is "a requirement that ... is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *see also Francis v. City of New York,* 2000 WL 1785016 at *3 (2d Cir. Dec.6, 2000). Had Fils–Aime advanced evidence in the proceeding before the magistrate judge that the NYSDHR misled her into believing that her complaint would be forwarded to the EEOC, such an allegation might justify equitable tolling. *See Carlyle Towers Condominium Assoc. v. Federal Deposit Ins. Corp.,* 170 F.3d 301, 310 (2d Cir.1999) (*quoting Bowden v. United States,* 106 F.3d 433, 438 (D.C.Cir.1997)). But she submitted no such evidence. Indeed, the magistrate judge expressly noted she was making no claim that she had been misled. The district court acted within its power in refusing to consider her new claim raised only after the conclusion of the proceeding before the magistrate judge, especially in view of the fact that it directly contradicted her prior affidavit.

On appeal, appellant asserts for the first time that she was misled by the NYSDHR's "Complainant's Information Sheet," which informed her that written authorization was required for a dual filing to occur. She contends this misled her into believing that by signing and initialing the information sheet, she was giving her written authorization for the dual filing to occur. Because this claim is raised for the first time on appeal, we will not consider it.[1]

---

1. We note, however, that had this claim been raised in the trial court proceeding, it might give pause. The NYSDHR might well consider whether its form is capable of causing

## CONCLUSION

The judgment of the district court is AFFIRMED.

confusion about dual filing. A copy of this order will be sent to the NYSDHR and the EEOC.