**Milagros MATEO, Plaintiff,**

v.

**RIVERBAY CORPORATION, Defendant.**

**No. 99 CV 11924 GBD.**

United States District Court, S.D. New York.

May 3, 2001.

119

Milagros Mateo, New Rochelle, NY, Pro se.

Scott A. Gold, Schulte, Roth & Zabel, LLP, New York City, for Defendant.

*MEMORANDUM DECISION & ORDER*

DANIELS, District Judge.

Defendant is moving to dismiss the complaint on the grounds that it fails to state a

claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Defendant argues that plaintiff's discrimination lawsuit is time-barred because of the failure to timely file her charge with either the United States Equal Employment Opportunity Commission ("EEOC") or the New York State Division of Human Rights ("NYSDHR"). Defendants also argue that plaintiff's unsupportable retaliation claim is further barred by her failure to even include such a claim in her untimely filed administrative charge.

Pro se plaintiff commenced this employment discrimination and retaliation action against her former employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Plaintiff alleges that in April of 1997, defendant discriminated against her by terminating her employment, and later engaging in acts of retaliation by defendant's employees making defamatory statements. In November of 1995, while still an employee, plaintiff visited the NYDHR to file a discrimination charge against defendant. She claims that the NYSDHR employee, who was assisting her at that time, was rude and told her to return when defendant terminated her. Plaintiff further asserts that after being fired on April 15, 1997, she did not immediately return to file a wrongful termination charge because of the rude treatment she previously received and her belief that the NYSDHR was not acting in an impartial manner.

By letter dated June 17, 1998, the NYSDHR advised plaintiff that although she did not file a complaint when she visited in November of 1995, she could still contact them to discuss the possibility of filing a complaint. On July 6, 1998, plaintiff did file a charge with the NYSDR which alleged unlawful discriminatory employment practices because of her race and color from July 1, 1995 until her discharge

on April 15, 1997. The NYSDHR dismissed the complaint, on June 16, 1999, finding there was no probable cause to believe that defendant had engaged in the alleged unlawful discriminatory practice. On July 27, 1999, the EEOC adopted the findings of the NYDHR and issued plaintiff a right to sue letter.

■ In reviewing a complaint for dismissal under Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in plaintiff's favor. *Bolt Electric, Inc. v. The City of New York,* 53 F.3d 465, 469 (2d Cir.1995). The complaint should only be dismissed where it appears beyond doubt that the plaintiff can present no set of facts entitling her to relief. *Conley v. Gibson,* 355 U.S. 41, 46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). Although a court considering a motion to dismiss for failure to state a claim is limited to the facts stated in the complaint, the complaint includes any written instrument attached as an exhibit and any statements or documents incorporated by reference into the complaint. *Paulemon v. Tobin,* 30 F.3d 307, 308–309 (2d Cir.1994). As a *pro se* litigant, plaintiff's pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 521–22, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also, Hughes v. Rowe,* 449 U.S. 5, 9–10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The pleadings must be liberally construed and interpreted in such a fashion as to raise the strongest arguments they suggest. *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999); *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

■■ It is a prerequisite to the maintenance of a Title VII action, that the plaintiff first timely file her discrimination

charge with the EEOC. *Keyse v. California Texas Oil, Corp.*, 590 F.2d 45, 47 (2d Cir.1978). Usually, a plaintiff must file a discrimination charge with the EEOC within 180 days of the alleged unlawful employment practice. In New York, where plaintiff has filed a charge with a State or local agency to address charges of discriminatory employment practices, the plaintiff must file a charge with the EEOC within 300 days of the alleged unlawful employment practice. *Chase v. New York City Bd. of Educ.*, 166 F.3d 1199 (2d Cir. 1998); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir.1998); 42 U.S.C. § 2000e–5(e)(1). This filing requirement functions as a statute of limitations in that employment discrimination charges not timely filed with the EEOC will generally be time-barred upon the plaintiff's suit in district court. *Quinn*, 159 F.3d at 765; *Butts v. City of New York Department of Housing*, 990 F.2d 1397, 1401 (2d Cir. 1993).

In the NYSDHR charge, plaintiff alleged that the most recent or continuing discrimination occurred the day of her discharge on April 15, 1997. Therefore, she was required to file a charge with the EEOC by February 9, 1998, the 300th day. There is no evidence in the record that any formal charges of discrimination were filed after plaintiff's discharge on April 15, 1997 until the NYSDHR charges were filed on July 6, 1998. The EEOC adopted the findings of the NYSDHR on July 27, 1999. Accordingly, since more than 300 days had elapsed since plaintiff's discharge, plaintiff failed to comply with the statutorily-imposed time restrictions.

▮▮▮ Nevertheless, like a statute of limitations, the timely filing requirement is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Federal courts grant such equitable relief only sparingly. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). A plaintiff's failure to act diligently, however, will not serve as a basis to invoke equitable tolling. *South v. Saab Cars USA, Inc.*, 28 F.3d 9, (2d Cir.1994); *see also, Irwin*, 498 U.S. at 96, 111 S.Ct. 453 (the principles of equitable tolling do not extend to "garden variety" claims of excusable neglect). The plaintiff here has offered no compelling reason to excuse her failure to file her discrimination charge in a timely manner.

▮▮▮ Plaintiff now claims that she did not return to NYSDHR after being fired because she was "devastated," her "self esteem was so low," and that she experienced "months of depression." She further alleges that when the NYSDHR contacted her in June of 1998, she was advised that because she had not previously received an "acknowledgment form" from the NYSDHR, her claims were not time-barred.

Even if plaintiff was suffering from depression and was misinformed by the NYSDHR, equitable tolling is unwarranted. Plaintiff has failed to show that her alleged depression was of such a nature as to render her incapable of complying with the timing requirements. *see e.g., Braham v. The State Ins. Fund*, 1999 WL 14011 (S.D.N.Y. Jan. 14, 1999)(mental illness must prevent the party from pursuing her legal rights); *Hedgepeth v. Runyon*, 1997 WL 759438 (S.D.N.Y. Dec. 10, 1997)(plaintiff bears the burden of showing that she was unable to protect her rights because of an overall inability to function in society). Moreover, it is of no import that, in June of 1998, plaintiff was allegedly told by the NYSDHR that her claims were still timely. The time limitation had already expired by June of 1998, so that plaintiff's reliance on such a representation would not have affected her ability to timely file. *cf., Fils–*

*Aime v. Chase Manhattan Bank,* 1 Fed. Appx. 24, 25 (2d Cir.2001)(had plaintiff offered evidence that her untimely filing with the EEOC was as a result of being misled by the NYSDHR, it might have justified equitable tolling).

 Plaintiff has also failed to indicate in the complaint a legal basis for her claim of subsequent retaliation. She now contends that in October of 1999, one of defendant's employees made defamatory statements related to her previous employment with the defendant. She further asserts that such acts of retaliation are still occurring. Her factual assertions are insufficient to support her retaliation claim. The acts complained of occurred at her prior place of employment years after her employment with the defendant had ended, and the acts themselves do not amount to adverse employment action. *Sarno v. Douglas Elliman–Gibbons & Ives, Inc.,* 183 F.3d 155 (2d Cir.1999); *Velasquez v. Goldwater Memorial Hosp.,* 88 F.Supp.2d 257, 264 n. 6 (S.D.N.Y.2000); *cf., Pantchenko v. C.B. Dolge Co.,* 581 F.2d 1052 (2d Cir.1978). Furthermore, plaintiff failed to raise this claim with the NYSDHR, whose findings were adopted by the EEOC. This Court can only properly hear Title VII claims that are either included in an EEOC charge or are based on later conduct which is "reasonably related" to that alleged in the EEOC charge. *Butts,* 990 F.2d at 1401. Since the matters raised before the EEOC are all time-barred, they cannot serve as predicates for the subsequent retaliation claim. *Butts,* 990 F.2d at 1402. Nor can plaintiff bring time-barred claims pursuant to the "continuous violation" exception. Plaintiff's reliance on acts of retaliation, which allegedly occurred over two years after she was terminated, fails to demonstrate the requisite temporal continuity. *Quinn,* 159 F.3d at 766.

In light of the foregoing, the defendant's motion to dismiss the complaint is hereby granted.

SO ORDERED: