**H. George FRANCIS, Plaintiff–Appellee–Cross–Appellant,**

v.

**CITY OF NEW YORK and Human Resources Administration, Head Start Division (HRA Agency for Child Development), Defendants–Appellants–Cross–Appellees.**

**Docket Nos. 00–7286, 00–7364.**

United States Court of Appeals, Second Circuit.

Argued Nov. 13, 2000.

Decided Dec. 6, 2000.

Charmaine M. Stewart, Rosedale, NY, for Plaintiff–Appellee–Cross–Appellant.

Cheryl Payer, for Michael D. Hess, Corporation Counsel of the City of New York (Stephen J. McGrath and Diana Murray, on the brief), for Defendants–Appellants–Cross–Appellees.

Before: CARDAMONE, CALABRESI, and KATZMANN, Circuit Judges.

CALABRESI, Circuit Judge:

In the United States District Court for the Eastern District of New York (John Gleeson, *Judge*), plaintiff H. George Francis, a man of Jamaican national origin, won a jury verdict finding that the City of New York and its Human Resources Administration ("HRA") (collectively "defendants" or "the City") had discriminated against Francis by failing to promote him because of his national origin. *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* After a retrial on damages, a second jury awarded Francis $75,000 in compensatory damages. The parties cross-appeal a number of the district court's decisions, including several that were reduced to judgment on September 28, 1999 (the "pre-judgment issues"). One issue-whether plaintiff's alleged failure to exhaust his administrative remedies deprived the district court of subject matter jurisdiction-was first broached by way of post-judgment motion. We raised *nostra sponte* the question of whether we have appellate jurisdiction over the pre-judgment issues, given that the first notice of appeal was filed on March 13, 2000, thirteen days after decision of the post-judgment motion but considerably more than thirty days after the September 28, 1999 judgment. On November 13, 2000 we heard oral argument but limited that argument to the questions of our appellate jurisdiction over the pre-judgment issues and the district court's subject matter jurisdiction over the one claim that went to the jury. Because decision of the former question may be affected by another appeal currently *sub judice,* this opinion ad-

dresses only the latter issue, concerning exhaustion of administrative remedies, a matter over which we undoubtedly have jurisdiction. *See Lichtenberg v. Besicorp Group Inc.,* 204 F.3d 397, 403–04 (2d Cir. 2000) (holding that even when a post-judgment motion fails to toll the time to appeal from the judgment, the time to appeal the court's decision with respect to the post-judgment motion runs from the date that motion is decided). With respect to that issue, we affirm the district court's denial of the City's motion to vacate the judgment and to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

### Background

From April 1983 to May 1994, Francis worked in the Head Start Division of HRA, gaining two promotions during his tenure. In 1992, the position of Division Director became vacant, and Francis applied for the opening. A search was inconclusive and led to the hiring of Clennie Murphy as acting director. HRA renewed its search in 1993, and Francis again applied for the job in the summer of that year. This time, HRA hired Richard Gonzales to fill the Director's position permanently. According to Francis, after assuming the directorship in early 1994 Gonzales then continued a pre-existing pattern of stripping plaintiff of his authority and also took disciplinary action based on a prior Department of Investigation inquiry into plaintiff's role in questionable purchasing activities (the "DOI investigation"). Francis later resigned effective May 20, 1994.

On August 2, 1994, Francis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in which he alleged that he had been harassed and forced into retirement based on his national origin. Although the charge mentioned both plaintiff's 1992 application for the director's position and actions taken by Gonzales, it neither referred to plaintiff's 1993 reapplication for the directorship nor specifically alleged that the failure to promote him was discriminatory. A supplemental affidavit filed September 12, 1994, however, expanded upon the initial charge. The affidavit claimed that discriminatory considerations influenced HRA's abandonment of its 1992 search and that the DOI investigation began shortly after his 1993 reapplication for the promotion. In response to the EEOC's boilerplate request that the City respond to the charge, the City defended, among other things, the selection process that led to its decision to hire Gonzales instead of promoting Francis.

After the EEOC issued a right-to-sue letter to plaintiff, he filed suit in federal district court. His complaint alleged that "the DOI investigation was used as a pretext to the discrimination against plaintiff based on his national origin and to tarnish plaintiff's reputation and employment record to prevent him from obtaining the position of Head Start Director." At oral argument on defendants' summary judgment motion, the district court noted that plaintiff's papers in opposition to defendants' motion focused entirely on his constructive discharge claim, even though, at other points in the litigation, plaintiff had alleged discrimination with respect to both constructive discharge and failure to promote. Plaintiff's counsel clarified that Francis intended to maintain each of the two claims, and the court accepted that both claims remained in the case; defendants did not object.

At trial, defendants moved for judgment as a matter of law after plaintiff presented his case-in-chief. In the course of enumerating plaintiff's claims, the district court again raised the issue of whether he was maintaining the failure-to-promote claim. This time, the court questioned whether that claim was properly before it, noting that "[the EEOC charge] doesn't seem to me to mention the failure to promote in January of '94." Once again, defendants attacked the merits of that claim but did not take up Judge Gleeson's suggestion that it might not have been properly ex-

hausted. The district court then granted the defendants judgment as a matter of law on all of plaintiff's claims except the one arising from rejection of his second application for the director's position. This failure-to-promote claim went to the jury.

After the jury returned a verdict for plaintiff, defendants, citing the weakness of plaintiff's evidence at trial, moved for judgment notwithstanding the verdict or for a new trial. The district court granted a new trial on damages only and otherwise denied the motion. After the second jury returned its verdict on damages, judgment for the plaintiff was entered. Over a month later, defendants moved to vacate the judgment and dismiss the complaint, arguing that plaintiff had neglected to allege any failure-to-promote claim in his EEOC charge, and, therefore, that the district court had no subject matter jurisdiction over that claim. Plaintiff opposed the motion on the grounds (1) that the non-promotion claim was, under our decision in *Butts v. City of New York Department of Housing Preservation and Development*, 990 F.2d 1397 (2d Cir.1993), reasonably related to his allegations to the EEOC, and was therefore adequately exhausted, and (2) that defendants' attack on the adequacy of exhaustion came too late.

The district court denied defendants' motion. It held that claims are adequately exhausted when, though not brought before the EEOC with particularity, they nonetheless are "reasonably related" to the charged conduct by virtue of, as we explained in *Butts*, falling "within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Butts*, 990 F.2d at 1402 (quoting *Smith v. American President Lines, Ltd.*, 571 F.2d 102, 107 n.

10 (2d Cir.1978)). The court rejected defendants' argument that plaintiffs may gain the benefit of the *Butts* "reasonably related" test only with regard to conduct occurring after the EEOC complaint has been filed. It then concluded that the pre-charge conduct at issue here (the alleged discriminatory denial of a promotion) was reasonably related to the charged conduct. The City appeals from this decision.

## Discussion

■ On appeal, Francis argues that we should affirm the district court on the basis of either (1) its decision that the failure-to-promote claim was properly exhausted under the *Butts* "reasonably related" test, or (2) the City's failure to raise its exhaustion objections at an earlier stage of litigation. With regard to the first argument, we agree with the district court that the benefit of the *Butts* "reasonably related" test is not limited to plaintiffs alleging post-charge conduct.[1] Whether Francis' failure-to-promote claim passes this test is a question that is not free from uncertainty. Because we can readily affirm the decision of the district court on plaintiff's alternative argument, however, we need not resolve the question.

■ Defendants' long delay in attacking the sufficiency of plaintiff's administrative exhaustion clearly constitutes a waiver of the exhaustion requirement, if that requirement is waivable. We hold that it is, and, accordingly, affirm on the ground that the City waived any defense based on defects in administrative exhaustion. *See McNally Wellman Co. v. New York State Elec. & Gas Corp.*, 63 F.3d 1188, 1194 (2d Cir.1995) ("We need not affirm for the reasons expressed by the district court but may affirm on any ground supported by the record.").

1. Notwithstanding some language to the contrary, *see* 990 F.2d at 1401, in *Butts* we actually *held* that two claims arising from uncharged, pre-charge conduct had been administratively exhausted by virtue of the fact that they fell within the scope of an investi-

gation reasonably responsive to the charge. *See id.* at 1403; *see also McNight v. Dormitory Auth.*, 995 F.Supp. 70, 78 n. 3 (N.D.N.Y.1998) (noting the inconsistency between some statements in *Butts* and the substance of its analysis).

Our holding follows from the Supreme Court's analysis of similar issues in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), as applied in various decisions of this court. In *Zipes,* the Court held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. 1127. It is, of course, logically possible that a total failure to present a particular claim to the EEOC raises a jurisdictional bar to bringing that claim in district court, even if presenting that claim to the EEOC in an *untimely* fashion does not constitute such a bar. *See Jones v. Runyon,* 91 F.3d 1398, 1399 & n. 1 (10th Cir.1996) (distinguishing timeliness from the requirement that issues sued upon are those raised in the EEOC complaint); *see generally* 42 U.S.C. § 2000e–5(b)–(f) (setting forth various requirements pertaining to the filing of EEOC charges and to the subsequent initiation of litigation). We have, however, rejected such a distinction in a related context. *See Boos v. Runyon,* 201 F.3d 178, 182–84 (2d Cir.2000) (holding that courts may waive a plaintiff's failure to seek agency counseling before filing a Rehabilitation Act claim).

Of equal importance is the fact that *Zipes* itself relied on precedents in which the Court had entertained Title VII claims by persons who had failed to bring any charge of discrimination to the EEOC at all. *See* 455 U.S. at 396, 102 S.Ct. 1127 (discussing *Franks v. Bowman Transp. Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976), and *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975)); *see also Snell v. Suffolk County,* 782 F.2d 1094, 1100–02 (2d Cir.1986) (adopting the "single filing rule," which waives exhaustion requirements for plaintiffs whose claims arise out of the same discriminatory acts as those alleged by a complainant who properly exhausted his administrative remedies). Thus, *Zipes'*

reasoning strongly suggests that the non-jurisdictional status of timeliness requirements reflects the rule, not the exception. *See* 455 U.S. at 397, 102 S.Ct. 1127 (concluding that Congress "adopted the view that the provision for filing charges with the EEOC should not be construed to erect a jurisdictional prerequisite to suit in the district court").

Whatever doubt remained after *Zipes* has been eliminated by decisions of this court. In *Pietras v. Board of Fire Commissioners,* 180 F.3d 468 (2d Cir.1999), for instance, we held that "plaintiff's failure to obtain a notice-of-right-to-sue letter is not a jurisdictional bar, but only a precondition to bringing a Title VII action that can be waived by the parties or the court." *Id.* at 474. Having thus ruled, we then upheld the district court's waiver of the right-to-sue letter requirement. We took this approach again in *Cruz v. Coach Stores, Inc.,* 202 F.3d 560 (2d Cir.2000). In *Cruz,* as in the instant case, the plaintiff sought to maintain in district court a Title VII claim that had not been included in her EEOC charge. And we held that the defendant, by failing to object on appeal to plaintiff's failure to exhaust her claim of racial harassment, had waived the exhaustion requirement; moreover, we quoted *Zipes* to support that conclusion. *See id.* at 570 n. 5; *see also Angotti v. Kenyon & Kenyon,* 929 F.Supp. 651, 653–58 (S.D.N.Y.1996) (holding that the failure to include a particular claim within an EEOC complaint was not a jurisdictional bar to bringing that claim in federal court, and that failure to do so should be excused in the case at bar).

It is true that in *Butts* we referred, in passing, to Title VII's exhaustion requirements as a matter of "jurisdiction," echoing similar references in prior decisions. *See* 990 F.2d at 1401 (citing, *inter alia, Stewart v. United States Immigration and Naturalization Serv.,* 762 F.2d 193, 198 (2d Cir.1985); *Almendral v. New York State Office of Mental Health,* 743 F.2d 963, 967 (2d Cir.1984); *Kirkland v. Buffalo*

*Bd. of Educ.*, 622 F.2d 1066, 1068 (2d Cir.1980) (per curiam)). Like analogous statements by the Supreme Court prior to its *Zipes* decision, this characterization, however, played no part in our holding in *Butts* or in any of the other cases cited above. *See Zipes*, 455 U.S. at 395, 102 S.Ct. 1127 (disregarding "scattered references to the timely-filing requirement as jurisdictional [because] the legal character of the requirement was not at issue in those cases"). In fact, *Butts* addressed only the question of whether Title VII's exhaustion requirements had been satisfied in that case, and, on its facts, it had no need to consider whether failure to satisfy them could be excused.[2]

Thus, when our decisions have turned on the question of whether proper administrative exhaustion is a jurisdictional prerequisite rather than a waivable condition precedent to bringing suit, we have consistently chosen the latter approach, and, significantly, we did so when faced with the precise component of the administrative process that is at issue here. Accordingly, we today reiterate what was explicit in *Pietras*, implicit in *Cruz*, and what the overwhelming majority of other circuits have held: "as a general matter, the failure to exhaust administrative remedies is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." *Gibson v. West*, 201 F.3d 990, 994 (7th Cir.2000); *accord Fouche v. Jekyll Island–State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir.1983) ("[A]ll Title VII procedural requirements to suit are henceforth to be viewed as conditions precedent to suit rather than as jurisdictional requirements."); *see also, e.g., Vinieratos v. United States Dep't of Air Force*, 939 F.2d 762, 768 n. 5 (9th Cir.1991); *Womble v. Bhangu*, 864 F.2d 1212, 1213 (5th Cir.1989); *cf. Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031 (6th

Cir.1998) (holding that obtaining a right-to-sue letter is a waivable precondition to suit, not a jurisdictional prerequisite); *Gooding v. Warner–Lambert Co.*, 744 F.2d 354, 358 (3d Cir.1984) (same); *McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498, 505 (1st Cir.1996) (treating as waivable the requirement that all defendants sued on a Title VII claim must have been named in the EEOC charge); *but see Jones*, 91 F.3d at 1399 n. 1 (10th Cir.); *Davis v. North Carolina Dep't of Correction*, 48 F.3d 134, 140 (4th Cir.1995) (holding that receipt of a right-to-sue letter is a jurisdictional requirement, *Zipes* notwithstanding).

Of course, it remains the case that exhaustion of administrative remedies through the EEOC stands as "an essential element of Title VII's statutory scheme," *Butts*, 990 F.2d at 1401, and one with which defendants are entitled to insist that plaintiffs comply. Here, however, defendants neither alleged in their answer any failure to exhaust administrative remedies nor raised any problems with exhaustion until after judgment had been entered. Moreover, they twice elected not to object on exhaustion grounds even after the district judge explicitly raised doubts about whether the failure-to-promote claim belonged in the case. Under the circumstances, there can be no doubt that the City waived any right to complain about deficiencies in the EEOC charge. *See Cruz*, 202 F.3d at 569. And its effort to raise the question in a post-judgment motion, only after its other arguments failed, came too late.

### Conclusion

■ We hold that presentation of a Title VII claim to the EEOC "is not a jurisdictional [prerequisite], but only a precondition to bringing a Title VII action that can be waived by the parties or the court,"

---

**2.** Decisions following *Butts* have occasionally repeated its reference to EEOC exhaustion requirements as "jurisdictional"; like *Butts*, however, these opinions have done so only in circumstances where the disposition was not affected by whether or not those requirements were jurisdictional in character. *See, e.g., Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir.1998); *Wilson v. Fairchild Republic Co.*, 143 F.3d 733, 739 (2d Cir.1998).

*Pietras,* 180 F.3d at 474, and that defendants waived that precondition in this case. Accordingly, we AFFIRM the district court's denial of defendants' post-judgment motion.