**Margaret A. O'HARA, Plaintiff–Appellant,**

v.

**MEMORIAL SLOAN–KETTERING CANCER CENTER, Defendant–Appellee.**

No. 00–9370.

United States Court of Appeals, Second Circuit.

Nov. 21, 2001.

demanding standard. *See, e.g., Amalgamated Servs., 815 F.2d at 227; Contech,* 164 F.3d at

Ethan A. Brecher, Liddle & Robinson, LLP, New York, NY, for appellant.

Edward A. Brill, Proskauer Rose LLP, New York, NY; Sheri L. Gilbert, on the brief, for appellee.

Present JOHN M. WALKER, JR., Chief Judge, LEVAL and SOTOMAYOR, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (John S. Martin, *Judge* ), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

305, 307.

Appeal from a grant of summary judgment by the United States District Court for the Southern District of New York (John S. Martin, *Judge*) in favor of defendant-appellee Memorial Sloan–Kettering Cancer Center ("Sloan–Kettering"). Plaintiff-appellant Margaret O'Hara brought this action for monetary and injunctive relief, alleging that Sloan–Kettering discriminated against her on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and dismissed her in retaliation for making accusations of age discrimination in violation of 42 U.S.C. § 2000(e) *et seq.* After O'Hara established her *prima facie* case of age discrimination, Sloan–Kettering provided rebuttal evidence indicating that the actions O'Hara complained of were in fact due to O'Hara's failure to perform her assigned duties competently and the elimination of her former position as part of a departmental restructuring. The district court granted Sloan–Kettering's motion for summary judgment on the grounds that O'Hara failed to present evidence sufficient to allow a rational fact finder to infer that Sloan–Kettering was motivated by a discriminatory animus. The district court further held that it lacked subject matter jurisdiction over the retaliation cause of action, because O'Hara had failed to include the facts that form the basis of this claim in her EEOC charge.

On appeal, O'Hara reiterates her contention that the evidence presented on her age discrimination claim is sufficient to create a triable issue as to whether Sloan–Kettering acted with the requisite discriminatory intent. We affirm the district court's grant of summary judgment for substantially the reasons stated by the district court. We note that the district court impermissibly discounted the testimony of one of O'Hara's witnesses, Carl Ferrero, based on his "clearly hostile" attitude towards Sloan–Kettering. *See Hayes v. New York City Dep't of Corrs.*, 84 F.3d 614, 619 (2d Cir.1996) ("In applying [the summary judgment] standard, the court should not weigh evidence or assess the credibility of witnesses.") (citations omitted). Nevertheless, the testimony of this witness does not alter the outcome in this case.

O'Hara also contends that the district court erred in dismissing her retaliation claim, even though she neither alleged retaliation in her EEOC charge nor pled the facts upon which she bases this claim. It is well-settled that a plaintiff may bring an employment discrimination action in federal court only after filing a timely charge with either the EEOC or the proper state or local agency.[*] *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82–83 (2d Cir.2001). The only exception to this rule is for claims that are "reasonably related" to previously filed charges. *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir.1993).

There must be some factual or legal nexus between the substance of the allegations contained in the administrative charge and the new cause of action. Retaliation is a theory of liability that is substantively distinct from O'Hara's age discrimination claim. *See Holtz*, 258 F.3d at 83; *Melendez v. Int'l Serv. Sys., Inc.*, 1999 WL 187071, at *7 (S.D.N.Y.1999). The scope of an EEOC investigation cannot reasonably be expected to encompass retaliation when O'Hara failed to put the agency on notice that she had engaged in

[*] The district court erroneously held that it lacked subject matter jurisdiction over O'Hara's retaliation claim. We have recently confirmed, however, that administrative exhaustion is a precondition to suit, rather than a jurisdictional requirement. *Francis v. City of New York*, 235 F.3d 763, 767 (2d Cir.2000).

the type of protected activity that is the predicate to a retaliation claim. *See Fitzgerald v. Henderson,* 251 F.3d 345, 366 (2d Cir.2001). We therefore affirm the judgment of the district court, and hold that O'Hara has not satisfied a condition precedent to suit with regards to her retaliation claim

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.