**Messiah A. BEY, Plaintiff–Appellant,**

v.

**WELSBACH ELECTRIC CORP., Bob Hughes, Superintendent, Others Doe, Defendants–Appellees.**

**Docket No. 01–9020.**

United States Court of Appeals, Second Circuit.

July 3, 2002.

Messiah Ali Bey, Bronx, NY, pro se.

Edward T. Byrne, Murtagh, Cohen & Byrne, Rockville Centre, NY, for Appel-lees.

Present WALKER, Chief Judge, WINTER and F.I. PARKER, Circuit Judges.

## SUMMARY ORDER

Appeal from the United States District Court for the Southern District of New York (Loretta A. Preska, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Messiah A. Bey appeals from the judgment of the district court (Preska, *D.J.*) dismissing his federal claims pursuant to Rule 12(b)(6) and his state law claims for lack of jurisdiction, as well as from the district court's denial of several of his motions.

This appeal stems from Bey's termination from his employment at defendant-appellee Welsbach and Welsbach's subsequent failure to reinstate him. Bey, who describes himself as a "Moorish American," is a member of Local Union No. 3 International Brotherhood of Electrical Workers, AFL–CIO ("Local 3"). Bey was terminated by Welsbach because he did not have a commercial driver's license ("CDL"). After Bey filed a grievance with Local 3, Bey and Welsbach entered into a settlement agreement whereby Welsbach would rehire Bey to an available position if he obtained a CDL before December 31, 2000. Bey obtained a CDL on February 7, 2001, after the date specified in the settlement agreement, and Welsbach has not reinstated him.

Bey's complaint alleged "breach of legal duty and agreement of grievance decision," wrongful termination, unlawful labor practices, and discrimination in violation of Title VII of the Civil Rights Act. According

to Bey, the named appellees and certain unnamed others wrongfully injured him in connection with his termination and Welsbach's failure to rehire him. The district court construed Bey's complaint as raising claims of race and national origin discrimination under Title VII and breach of a contract between an employer and a labor organization, in violation of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. When the appellees moved to dismiss these claims on the ground that Bey failed to exhaust them, the district court advised Bey to withdraw his claims without prejudice. Upon Bey's refusal to do so, the district court granted appellees' motion to dismiss for failure to exhaust, and declined to exercise pendent jurisdiction over Bey's state law claims. The district court also denied several motions by Bey.

On appeal, Bey claims that the district court abused its discretion in denying his motions and dismissing his claims. Pointing to the exhibits attached to his complaint and a letter to the Equal Employment Opportunity Commission ("EEOC") produced on appeal, Bey principally contends that the district court erred in finding (1) that he failed to comply with the administrative exhaustion requirement of Title VII, and (2) that he was not excused, for reasons of futility, from failing to exhaust the grievance procedures provided for in the collective bargaining agreement between Welsbach and Local 3 with respect to his LMRA claim. Because we find that the district court properly denied Bey's motions and dismissed his complaint, we affirm.

■ We review *de novo* the district court's dismissal under Rule 12(b)(6) of Bey's Title VII and LMRA claims. *Doe v. City of New York*, 15 F.3d 264, 266 (2d Cir.1994). With respect to Bey's Title VII claim, we agree with the district court that

Bey has failed to exhaust his administrative remedies. As this court has consistently held, "exhaustion of administrative remedies through the EEOC stands as an essential element of Title VII's statutory scheme, and one with which defendants are entitled to insist that plaintiffs comply." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir.2000) (citation and internal quotation marks omitted). Bey, however, has not obtained a right-to-sue letter from the EEOC or the New York State Division of Human Rights, nor did he claim in his complaint that he filed a complaint with either of these agencies. Although administrative exhaustion is subject to waiver, estoppel, and equitable tolling, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), Bey's unsupported assertion that he was turned away by the EEOC, which was made for the first time at the hearing on defendant's motion to dismiss, is insufficient to warrant such relief. *Cf. Pietras v. Bd. of Fire Comm'rs*, 180 F.3d 468, 474 (2d Cir.1999) ("Given that [plaintiff] made a diligent effort to obtain a notice-of-right-to-sue letter from the EEOC and was denied one on the erroneous basis that she was not an employee, we believe that the district court acted well within its discretion by excusing the absence of such a letter in this case.").

■ We are similarly unpersuaded by Bey's efforts to salvage his LMRA claim from his failure to comply with the grievance procedures provided for in the collective bargaining agreement between his employer and his union. Where, as here, an employee asserts an action under § 301 of the LMRA, he "must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement." *Vaca v. Sipes*, 386 U.S. 171, 184, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Bey seeks to excuse his failure to

exhaust on the ground that resort to the grievance procedures would have been futile, given that his employer and union were conspiring against him and his union breached its duty of fair representation. Although exhaustion of contractual remedies may be excused under such circumstances, *id.* at 185, Bey's allegations are inadequate to invoke these exceptions. As the district court noted, Bey successfully used the grievance procedure in obtaining his initial settlement with Welsbach, but he does not allege that he made any attempt to secure the union's aid in enforcing the settlement. Though Bey does allege the existence of a conspiracy, his unsupported assertions are the sort of "[c]onclusory allegations or legal conclusions masquerading as factual conclusions [that] will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 240–41 (2d Cir.2002) (citation and internal quotation marks omitted, first alteration in original).

■ Having dismissed Bey's federal claims early in the litigation, the district court did not err in declining to exercise supplemental jurisdiction over Bey's state law claims. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ Nor did the district court err in dismissing any of Bey's numerous motions. Given that Bey failed to obtain a CDL within the time period set forth in the settlement agreement, it is unlikely that he will prevail and thus the district court did not abuse its discretion in denying Bey's motion for an injunction. *See Forest City Daly Hous., Inc. v. Town of North Hempstead,* 175 F.3d 144, 149 (2d Cir.1999). We also find that the district court properly dismissed Bey's motion for reconsideration, his order to show cause as to why he had not been reinstated, and his motion to reargue his motion for a preliminary injunction.

Accordingly, for the reasons set forth above, the judgment of the district court is **AFFIRMED.**