Pierre T. JOSEPH, Plaintiff–Appellant,

v.

PRICE COSTCO, Defendant–Appellee.

No. 03–7949.

United States Court of Appeals,
Second Circuit.

June 10, 2004.

Pierre Joseph, Hempstead, NY, for Plaintiff–Appellant, pro se.

Lorie E. Almon, Seyfarth Shaw LLP, New York, N.Y. (Leonard A. Colonna, on the brief), for Defendant–Appellee.

Present: VAN GRAAFEILAND, KEARSE, and WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues. Plaintiff–Appellant Pierre Joseph filed a *pro se* complaint pursuant to Title VII against defendant-appellee Price Costco ("Costco") alleging race discrimination and retaliation. After reviewing the district court's grant of summary judgment in favor of Costco *de novo*, construing the evidence in the light most favorable to the non-moving party, *see Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003), we now affirm.

To make out a prima facie case of discriminatory failure to promote an employee, in violation of Title VII, a plaintiff must show that (1) he is a member of a protected class, (2) he was qualified for the job for which he applied, (3) he was denied the job, and (4) the denial occurred under circumstances giving rise to an inference of discrimination on a basis forbidden by Title VII. *See Howley v. Town of Stratford,* 217 F.3d 141, 150 (2d Cir.2000). The district court properly determined that Joseph failed to establish a prima facie case of discrimination in all of his promotion claims. Joseph's previous "consultations", in which Costco explained the deficiencies in his work, rendered him ineligible under the Collective Bargaining Agreement for promotion to non-supervisory positions and established a legitimate non-discriminatory reason for not promoting Joseph to a supervisory position.

Presentation of a Title VII claim to the EEOC is a "precondition" to bringing a Title VII action in court which can be waived by the court or the parties. *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir.2000). Costco raised the exhaustion issue, which had not been waived, with respect to Joseph's discriminatory suspension claim in its motion for summary judgment. This Circuit has recognized three situations where a plaintiff may assert in district court a claim that was not specifically pleaded in his administrative complaint because it is "reasonably related" to its EEOC claims: (1) claims that are within the scope of the EEOC investigation that is likely to grow out of the charge; (2) claims of retaliation for filing the EEOC

charge; and (3) further incidents that occur after the filing of the EEOC charge. *See Butts v. City of New York Dep't of Hous. Pres. & Dev.,* 990 F.2d 1397, 1402–03 (2d Cir.1993). None of these exceptions apply to Joseph, who filed a detailed EEOC charge, yet failed to mention the suspension. Therefore, the district court properly barred Joseph's discriminatory suspension claim. *See Francis,* 235 F.3d at 768.

The district court found that Joseph established a prima facie case of retaliation with respect to three adverse employment actions. However, once a plaintiff establishes a prima facie case of retaliation, the defendant can shift the burden back to the plaintiff by establishing a legitimate, non-retaliatory reason for its actions. *See Richardson v. New York State Dep't of Corr. Servs.,* 180 F.3d 426, 443 (2d Cir. 1999). In this case, Costco provided sufficient evidence to establish that the actions were taken for legitimate nondiscriminatory reasons, and Joseph did not present evidence refuting Costco's explanations. Therefore, Joseph has not presented sufficient evidence of retaliatory motivations to establish that Costco's legitimate non-discriminatory explanations were pretextual. *See id.* (stating that if defendant establishes a legitimate nondiscriminatory reason, "plaintiff must demonstrate that there is sufficient potential proof for a reasonable jury to find the proffered legitimate reason merely a pretext for impermissible retaliation.").

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.