10-448-cv
Falso v. Gates Central School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of February, two thousand eleven.

PRESENT: GUIDO CALABRESI,
GERARD E. LYNCH,
*Circuit Judges*,
J. GARVAN MURTHA,
*District Judge.**

_____

ANTHONY FALSO,
*Plaintiff-Appellant*,

v.                                                                        No. 10-448-cv

GATES CHILI CENTRAL SCHOOL DISTRICT,
*Defendant-Appellee.*

_____

FOR APPELLANT:        ANTHONY FALSO, *pro se*, Rochester, New York.

FOR APPELLEE:         MICHAEL P. McCLAREN, Webster Szany LLP, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District

---

\* Honorable J. Garvan Murtha of the United States District Court for the District of Vermont, sitting by designation.

of New York (David G. Larimer, *Judge*).

Anthony Falso, pro se, appeals from the district court's judgment dismissing his discrimination claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") for failure to exhaust his administrative remedies. Falso claims that appellee school district ("District") discriminated against him by terminating his intermittent employment as a substitute teacher on the basis of his sex. We assume the parties' familiarity with the facts and procedural history of this case, and detail them here only as necessary to explain our decision.

Before a plaintiff may bring a Title VII action in federal court, he must exhaust his administrative remedies by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC"). See 42 U.S.C. §§ 2000e-5(e)(1), (f)(1); 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a). "[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Francis v. City of New York, 235 F.3d 763, 767 (2d Cir. 2000), quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (quotations omitted). A complainant must file with the EEOC within 180 days after the alleged discriminatory act occurred; if he has already filed the charge with a state or local agency that monitors fair employment practices, he must file his EEOC charge within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1); see also Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 765 (2d Cir. 1998). In New York, where the New York State Division

of Human Rights ("NYSDHR") "has authority to remedy employment discrimination," Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325 (2d Cir. 1999), the statute of limitations for filing a charge with the EEOC is 300 days. See 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2).

While the record is not entirely clear about certain dates, it is sufficiently clear to leave no doubt that Falso's administrative filing was untimely. Falso received substitute teaching assignments during the 2006-2007 school year. During that year, he had difficulties with the administration, which accused him of various derelictions. Falso asserts that he was terminated "[a]fter the school year was complete." While that date is vague, Falso also provided the district court with an internal District email exchange, dated May 30, 2007, in which the District's assistant superintendent for administration and personnel requested that, based on Falso's poor job performance, Falso be "remove[d] from all schools." The printout of the email also includes a handwritten note at the bottom of the page: "Removed from all schools on 5/30/07. – Also removed from sub list." It is thus clear from documents supplied to the Court by Falso himself that he was terminated on or about May 30, 2007.

Although the record does not reveal precisely when Falso began his administrative proceeding, the earliest possible date is July 25, 2008, when he wrote to the NYSDHR to complain about his treatment in the District schools – a letter he now characterizes as his "initial complaint" to the state agency. The NYSDHR dismissed his complaint, and Falso subsequently filed his EEOC charge. Thus, Falso did not begin administrative proceedings until, at the earliest, over 400 days had passed after he was removed from the District's "sub

list" on May 30, 2007.

In his opposition to the District's motion to dismiss, Falso appears to acknowledge that he failed to file a timely EEOC charge if the 300-day limitations period is calculated from the date of his removal. To the extent he argues for equitable tolling, his argument is unavailing. Equitable tolling in this context is appropriate only in rare circumstances where "a party is prevented in some extraordinary way from exercising his rights," Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (quotation omitted), such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (citation omitted). See also South v. Saab Cars USA, Inc., 28 F.3d 9, 11-12 (2d Cir. 1994) (citing examples from other circuits). Equitable tolling is also proper where the plaintiff "(1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Zerilli-Edelglass, 333 F.3d at 80-81 (citation omitted).

The present case fits none of these categories. The record contains no evidence of deception or intentional obfuscation by the District. Moreover, Falso failed to exercise reasonable diligence in complaining about his alleged mistreatment and in determining whether he had been removed from the District's sub list. It took him some nine months after he had stopped receiving substitute teaching assignments to contact the county's "help desk

4

extension number" to inquire about his employment status. Even after that phone call, which removed any doubt that the District had terminated him, he waited approximately four more months before writing to the NYSDHR. "We review a district court's decision to deny equitable tolling for abuse of discretion." Zerilli-Edelglass, 333 F.3d at 81 (citing cases). Nothing in the record here suggests that Falso's failure to meet the time requirements of 42 U.S.C. § 2000e-5(e)(1) was excusable.

We have considered Falso's other claims and find them to be without merit. In particular, taking note of the extraordinarily slim factual basis for this claim, and Falso's long history of bringing frivolous actions, we find no error in the district court's "cautionary instruction" that, should Falso continue to bring such frivolous and legally deficient actions, he may be subject to Rule 11 sanctions.

For the foregoing reasons, the order of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5