*Hewitt v. New York City Department of Health and Mental Hygiene*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of October, two thousand thirteen.

PRESENT:

> JOHN M. WALKER, Jr.,
> PIERRE N. LEVAL,
> RICHARD C. WESLEY,
>     *Circuit Judges.*

_____

Wanda O. Hewitt,

> *Plaintiff-Appellant,*

> v.                                            12-1676-cv

New York City Department of Health and Mental Hygiene,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Wanda O. Hewitt, *pro se*, Brooklyn, N.Y. |
| **FOR DEFENDANT-APPELLEE:** | Larry A. Sonnenshein, Diana Lawless, *of Counsel*, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y. |

Appeal from the judgment of the United States District Court for the Eastern District of New York (Mauskopf, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Wanda O. Hewitt, *pro se*, appeals from the judgment of the district court dismissing her employment discrimination complaint on the defendant's motions to dismiss. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review *de novo* a district court decision dismissing a complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(b)(6). *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While *pro se*

2

complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), we should look for such allegations by affording the litigant "special solicitude" and "interpreting the complaint to raise the strongest claims that it suggests," *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (quotation marks and alterations omitted).

As a precondition to filing an action in federal court under Title VII of the Civil Rights Act of 1964 ("Title VII"), a litigant must first have exhausted her administrative remedies by timely filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(e); *Francis v. City of New York*, 235 F.3d 763, 766-67 (2d Cir. 2000). Title VII requires a claimant to file a discrimination charge with the EEOC within 180 days of the alleged unlawful employment practice or, if the claimant initially instituted proceedings with a state or local equal employment agency, within 300 days of the alleged unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998). "With respect to claims based on termination, failure to promote, denial of transfer, or refusal to hire, [Title VII] precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period, even if other acts of discrimination occurred within the statutory time period."

3

*McGullam v. Cedar Graphics, Inc.*, 609 F.3d 70, 75 (2d Cir. 2010) (internal citations, emphasis, and quotation marks omitted).

Having conducted an independent, thorough and *de novo* review of the record in light of these principles, we find that the district court properly concluded that: (1) Hewitt failed to administratively exhaust her Title VII retaliation claim by failing to include that claim in her administrative complaint; (2) Hewitt's Title VII discrimination claims relating to her August 2007 termination and the events preceding that termination were time-barred under the applicable 300-day limitations period; and (3) Hewitt failed to state a discrimination claim under Title VII or New York law with respect to a March 2008 arbitration hearing concerning her termination as she failed to allege facts in her amended complaint suggesting that any discriminatory animus played a role in the arbitration. Accordingly, we affirm the dismissal of Hewitt's complaint and amended complaint for substantially the same reasons stated by the district court in its orders dated December 7, 2010 and March 31, 2012.

We have considered all of Hewitt's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4