Colquitt v. Xerox Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

PRESENT:
>       ROBERT A. KATZMANN,
>            *Chief Judge,*
>       AMALYA L. KEARSE,
>       RICHARD C. WESLEY,
>            *Circuit Judges.*

_____

Patricia Colquitt,

>       *Plaintiff-Appellant,*

> v.                                       12-2625

Xerox Corporation,

>       *Defendant-Appellee.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | Patricia Colquitt, *pro se*, Ontario, NY. |
| FOR DEFENDANT-APPELLEE: | Margaret A. Clemens, Littler Mendelson, P.C., Rochester, NY. |

Appeal from the judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Patricia Colquitt, *pro se*, appeals from the district court's final judgment entered in May 2012, dismissing her action brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*. She challenges (1) the court's October 7, 2010 order granting the Rule 12(b)(6) motion of Xerox Corporation ("Xerox") to dismiss for failure to state a claim on which relief can be granted a) Colquitt's gender-based hostile work environment claim and b) her claims of race-based denial of phone privileges and failure to promote, and (2) its May 25, 2012 order granting Xerox's motion for summary judgment dismissing her remaining claim, asserting a race-based hostile work environment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.   Partial Dismissal Pursuant to Rule 12(b)(6)

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, "accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also*

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

We turn first to Colquitt's claims that Xerox discriminated against her by allegedly failing to promote her and denying her telephone privileges. Below, the district court dismissed these claims because Colquitt did not include in her Equal Employment Opportunity Commission ("EEOC") charge any allegations concerning Xerox's failure to promote her or its denial of her workplace privileges. Administrative exhaustion is "a precondition to bringing a Title VII action," *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (internal quotation marks omitted), and, in general, claims that were not presented to the EEOC "may be pursued in a subsequent federal court action [only] if they are 'reasonably related' to those that were filed with the agency," *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001) (per curiam) (internal quotation marks omitted).

Here, the district court properly found that Colquitt's failure-to-promote and denial-of-workplace-privileges claims were not reasonably related to the hostile work environment claims listed in Colquitt's EEOC charge because the charge contained no factual allegations that would have given the agency notice that

3

Colquitt sought to pursue a failure-to-promote claim or a claim that she had been improperly denied workplace privileges. *See Deravin v. Kerik*, 335 F.3d 195, 201 (2d Cir. 2003). Because such claims were not administratively exhausted, and because an amendment to add factual detail to those claims would not cure this substantive flaw, the district court properly dismissed those claims without granting leave to replead. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Next, with respect to the district court's dismissal of her gender-based hostile work environment claim, Colquitt argues that the district court erred in applying separate analyses to her race- and gender-based hostile work environment claims. Not only did Colquitt fail to raise this argument below, but in her counseled opposition to Xerox's motion to dismiss, Colquitt also separated her gender- and race-based hostile work environment claims. In so doing, she acknowledged that it was "doubtful" that her "gender[-based hostile work environment] claim meets the plausibility standard." Pl.'s Mem. in Opp. Mot. to Dismiss 6, ECF No. 20, No. 6:05-cv-06405-MAT-MWP (W.D.N.Y. Oct. 8, 2009). Given this concession, we decline to address this issue as, "[i]n general we refrain from passing on issues not raised below." *Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 446 (2d Cir. 2006) (internal quotation marks omitted).

We therefore affirm the district court's October 2010 order of partial dismissal.

4

## II.  Summary Judgment

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and that the moving party was entitled to judgment as a matter of law.  *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003).  "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).

Having conducted a *de novo* review of the record in light of the above standards, we affirm the district court's summary judgment decision on Colquitt's race-based hostile work environment claim for substantially the reasons set forth by the district court in its order of May 25, 2012.

We have considered all of Colquitt's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk