John MURRAY, Diane Murray, Richard Markfelder, Vagn Christiansen and Maureen Christiansen, Plaintiffs–Appellants,

John Doe and Jane Doe, being fictitious names intended to refer to other and additional potential party plaintiffs to be named and joined as plaintiffs to this litigation, Plaintiffs,

v.

CONNETQUOT CENTRAL SCHOOL DISTRICT OF ISLIP, Joseph Laria, Dr., individually and as Superintendent of the Connetquot Central School District of Islip, Anthony J. Pecorale, Dr., individually and as Former Superintendent of the Connequot Central School District of Islip, John Maloney, individually and as Former Superintendent of the Connequot Central School District of Islip, County of Suffolk, County of Suffolk Department of Health Services, Dr. Clare B. Bradley, individually and as Commissioner of the Suffolk County Department of Health Services and Dr. Mary Hibberd, individually and as former Commissioner of the Suffolk County Department of Health Services, Defendants–Appellees.

Docket No. 02–7228.

United States Court of Appeals, Second Circuit.

Dec. 16, 2002.

Stanley E. Orzechowski, Garguilo & Orzechowski, LLP, St. James, NY, for Appellants.

Gregory J. Guercio, Guercio & Guercio, Farmingdale, NY; Arlene S. Zwilling, As-

sistant County Attorney for Suffolk County, Hauppage, NY, for Appellees.

Present VAN GRAAFEILAND, CARDAMONE, and JACOBS, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is **VACATED IN PART** with the instruction to dismiss without prejudice as to John Murray and Richard Markfelder, who are deceased, and **AFFIRMED** in all other respects.

An appeal on behalf of John Murray, Diane Murray, Richard Markfelder, Vagn Christiansen, and Maureen Christiansen is taken from a judgment entered on February 6, 2002, in the United States District Court for the Eastern District of New York (Hurley, J.), dismissing this suit on the pleadings pursuant to Fed.R.Civ.P. 12(c). The male plaintiffs were employed at various times as either bus mechanics or bus drivers at the Connetquot School District's bus garage in Bohemia, NY, where they were allegedly exposed to toxic substances. Citing 42 U.S.C. § 1983, plaintiffs alleged violations of due process and equal protection by reason of the Connetquot defendants' knowing exposure of plaintiffs to carcinogens and their deliberate indifference to the plaintiffs' safety, and by the Suffolk County defendants' awareness of the hazardous conditions and their failure to compel the Connetquot defendants to remedy those conditions.[1] On appeal, plaintiffs challenge the district court's holding that they failed to allege a valid § 1983 claim.

This Court reviews *de novo* a district court's grant of a motion for judgment on the pleadings pursuant to Rule 12(c). *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Id.*

We agree with the district court that plaintiffs failed to state a § 1983 claim because they did not allege the deprivation of a legally cognizable constitutional right. *See Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993). The complaint, fairly read, premises the due process claim on a denial of a minimal level of workplace safety in public employment, or on defendants' deliberate indifference to plaintiffs' safety. Neither allegation is viable under § 1983, *see Collins v. City of Harker Heights,* 503 U.S. 115, 127–130, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992), and we adhere to its holding today.

Plaintiffs' equal protection claim is likewise meritless: "To show an equal protection violation, appellants must show that they were selectively treated compared with similarly situated employees, and that selective treatment was based on impermissible considerations...." *Knight v. Conn. Dep't of Pub. Health,* 275 F.3d 156, 166 (2d Cir.2001) (internal quotation mark omitted). At most, plaintiffs suggest that they were discriminated against as municipal employees, **Blue 26,** but they do not

---

1. The plaintiffs also brought state law claims, over which the district court declined to exercise supplemental jurisdiction.

allege how others "similarly situated" were subject to different treatment, or what "impermissible consideration" motivated the selective treatment.

We have reviewed plaintiffs' other contentions and find no merit in them.

The record discloses that John Murray and Richard Markfelder are now deceased. A § 1983 claim survives death "if applicable state law creates a right of survival." *Barrett v. United States,* 689 F.2d 324, 331 (2d Cir.1982). "Under New York law the claim arising from the infringement of [plaintiff's] civil rights survives his death and may be asserted by his personal representative." *Id.* Even if death occurs between the filing of the suit and the time of the appeal, a personal representative still must be substituted. *See Johnson v. Morgenthau,* 160 F.3d 897, 898–99 (2d Cir. 1998) (per curiam). No personal representative has been substituted for either John Murray or Richard Markfelder. Their claims are therefore dismissed without prejudice.

For the foregoing reasons, the judgment of the district court is the judgment of the district court is **VACATED IN PART** with the instruction to dismiss without prejudice as to John Murray and Richard Markfelder, who are deceased, and **AF-FIRMED** in all other respects.