**Elease CANTY, Plaintiff,**

v.

**WACKENHUT CORRECTIONS CORPORATION,
Defendant.**

**No. 01 CV 7941(ADS)(ARL).**

United States District Court,
E.D. New York.

April 7, 2003.

114

Elease Canty, Pinewood, SC, Plaintiff Pro Se.

Kaufman, Borgeest & Ryan by Adeola I. Adele, Esq., of Counsel, New York City, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves allegations of race, gender and age discrimination by Elease Canty ("Canty" or the "plaintiff") against Wackenhut Corrections Corporation ("WCC" or the "defendant"). Presently before the Court is the defendant's motion to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

The following facts are taken from the complaint, which the Court takes to be true. At the outset, the Court notes that neither the complaint nor the plaintiff's opposition papers identify her race or age. Without much elaboration, the plaintiff contends that during her five years of employment at WCC, a private correctional facility, she was subjected to various patterns of discriminatory practices with respect to promotional opportunities. In particular, the plaintiff claims that she first experienced these discriminatory practices in January 1997 when she was denied promotion to a supervisory position. Around this time, Canty claims that she filed a grievance with the Equal Employment Opportunity Commission ("EEOC"). Five months after filing the grievance, the defendant informed the plaintiff that her original appointment date was stalled because her paperwork had been mishandled. Although not entirely clear in the complaint, it appears that the defendant informed her that they were in the process of placing her in a class which would help train Canty for a supervisory position.

Subsequently, on an unspecified date, the plaintiff formally applied for a supervisory position. The plaintiff claims that she had previous law enforcement career as a supervisory captain for the New York City Department of Corrections. Despite her professional experience, the plaintiff asserts that she was denied the position. The plaintiff contends that the defendant explained to her that WCC had a mandatory procedure in which an employee was required to work six months in-house before being considered for a supervisory position.

In November 1997, the plaintiff learned that the mandatory procedure was a fabrication when the defendant hired two male outside candidates as supervisory staff, who were of Puerto Rican descent. In addition, the defendant promoted another employee who had worked less than one year to a supervisory position, and the plaintiff asserts that the defendant failed to post this position in order for any employee to apply. Furthermore, in the summer of 1998, WCC hired an outside male candidate for a supervisory position although the job posting stated that the vacancy was for in-house personnel only. The defendant also promoted an in-house employee to the position of Lieutenant without posting the vacancy.

The plaintiff further claims that the defendant terminated her from employment because of a severe physical injury to her right knee. Canty asserts that the defendant denied her short and long term disability coverage after WCC unsuccessfully attempted to invade her privacy by writing her doctors and asking them to relinquish copies of her medical records without her consent.

On December 3, 2001, Canty filed a complaint against the defendant alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). On October 4, 2002, WCC filed a motion to dismiss the plaintiff's Title VII and ADEA claims pursuant to Fed.R.Civ.P. 12(c) on the ground

that the plaintiff failed to exhaust her administrative remedies.

## II. DISCUSSION

### A. Standard of Review

The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief can be granted. *See Murray v. Connetquot Cent. Sch. Dist., et al.,* 54 Fed.Appx. 18, 19 (2d Cir. 2002). The Court must thus accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.* The Court may dismiss the complaint only if " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Phelps v. Kapnolas,* 308 F.3d 180, 184 (2d Cir. 2002) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

 In deciding the present motion, the Court is mindful that the plaintiff is proceeding *pro se* and that her submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers....' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)). Indeed, district courts should "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, the Court is also aware that *pro se* status " 'does not exempt a party from compliance with relevant rules of procedural and substantive law....' " *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir.1983) (citations omitted).

### B. The Plaintiff's Title VII Claims of Racial and Gender Discrimination

 Individuals may bring Title VII claims in federal court only after filing a timely charge of employment discrimination with the EEOC and receiving an EEOC right-to-sue letter. 42 U.S.C. § 2000e–5(e); *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 686 (2d Cir.2001). Administrative exhaustion is an essential element of Title VII's statutory scheme, the purpose of which is to avoid unnecessary judicial action by the federal courts by "[giving] the administrative agency the opportunity to investigate, mediate, and take remedial action." *Stewart v. United States Immigration & Naturalization Service,* 762 F.2d 193, 198 (2d Cir.1985).

WCC's contention that administrative exhaustion is a jurisdictional requirement is incorrect. Although some earlier Second Circuit cases have suggested that exhaustion is a jurisdictional requirement, the Second Circuit recently rejected this position and held that exhaustion "is a precondition to bringing a Title VII claim in federal court rather than a jurisdictional requirement." *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir.2000) (citation omitted). Courts have explained that "[t]he significance of this distinction is that insofar as the district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, the requirement is theoretically 'subject to waiver, estoppel, and equitable tolling.' " *O'Neal v. State Univ. of N.Y.,* No. 01 CV 7802, 2003 WL 1524664, at *4 (E.D.N.Y. Mar. 24, 2003) (quoting *Francis,* 235 F.3d at 767).

 Here, WCC contends that because Canty has failed to submit a copy of the charge filed in the EEOC this shows that she has failed to exhaust her administrative remedies. However, Canty claims in

her complaint that she filed a grievance with the EEOC, which statement the Court must construe as true under the standards governing Fed.R.Civ.P. 12(c). The defendant is reminded that because the Court is presently deciding a motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings, the Court is looking solely at the sufficiency of the pleadings, not the weight of the evidence set forth in the pleadings. *Internet Law Library, Inc. v. Southridge Capital Management,* 223 F.Supp.2d 474, 481 (S.D.N.Y.2002) (citing *Jubran v. Musikahn Corp.,* 673 F.Supp. 108, 112 (E.D.N.Y.1987)) ("Since the Court is bound, in the context of a motion to dismiss to [draw] all inferences in favorable to the pleader, the Court must accept the veracity of plaintiff's pleadings.").

Nevertheless, while the complaint alleges that a grievance was filed with the EEOC, it does not state that Canty obtained a right-to-sue letter. Thus, she has not demonstrated that she has exhausted her administrative remedies. *See Coleman v. Board of Educ., et al.,* No. 96 V 4293, 2002 WL 63555, at *3 (S.D.N.Y. Jan. 15, 2002) ("There are two prerequisites for filing a Title VII action in federal court; plaintiff must (1) file a timely charge of employment discrimination with the EEOC and (2) receive a notice of the right-to-sue letter.").

In addition, WCC has not waived the plaintiff's compliance with the exhaustion requirement as the defendant raised the issue of exhaustion as an affirmative defense in its answer to the complaint and in the present motion. *See Bey v. Welsbach Elec. Corp.,* No. 01 CV 2667, 2001 WL 863419, at *3 (S.D.N.Y. July 30, 2001) (finding that the defendant did not waive the plaintiff's compliance with the exhaustion requirement because the defendant raised the issue of exhaustion in a motion to dismiss); *see also Francis,* 235 F.3d at 768 ("Exhaustion of administrative remedies through the EEOC stands as . . . one in which defendants are entitled to insist that plaintiff's comply.") (internal quotations omitted).

Furthermore, the Court notes that in order to suspend the exhaustion requirement through waiver, estoppel or tolling, the plaintiff " 'must show or allege that he made an effort to procure the right to sue letter or that he raised the failure to issue a right to sue letter with the EEOC.' " *Bey,* 2001 WL 863419, at *3 (quoting *Dollinger v. State Ins. Fund,* 44 F.Supp.2d 467, 474 (E.D.N.Y.1999)). Because Canty has given no indication that she has obtained or even attempted to procure a right-to-sue letter, she has therefore failed to comply with the procedural requirements for filing a Title VII discrimination claim. Accordingly, the plaintiff's Title VII claims of gender and racial discrimination are dismissed without prejudice.

## C. The Plaintiff's ADEA Claim of Age Discrimination

WCC contends that the plaintiff improperly argues that she is not required to file a charge with the EEOC prior to filing a lawsuit alleging a violation of the ADEA. The defendant further asserts that the ADEA makes clear that an aggrieved party must first file a charge with the EEOC and obtain a right-to-sue notice prior to commencing an action in federal court. The plaintiff does not dispute that a charge with the EEOC alleging violation of the ADEA is required. However, she states that "because the plaintiff accuses the defendant(s) of age discrimination as well, by law she does not have to wait for a right to sue letter. . . ." The plaintiff is correct.

The ADEA provides that "no civil action may be commenced by an individual under [the ADEA] until 60 days after a

charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." 29 U.S.C. § 626(d). The Second Circuit has explained:

There are important differences between the ADEA and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, with regard to prerequisites to bringing suit. Whereas Title VII plaintiffs must receive a "right-to-sue" letter from the EEOC before filing suit in court, *see id.* § 2000e–5(f)(1), ADEA plaintiffs need only wait 60 days after filing the EEOC charge. *See* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.") . . . . Thus, the ADEA plaintiff can sue in court even if the EEOC has not yet completed its investigation or attempts at conciliation.

*Hodge v. New York College of Podiatric Med.*, 157 F.3d 164, 167–68 (2d Cir.1998).

As stated above, Canty alleges in her complaint that a grievance was filed with the EEOC. Viewing the complaint in the light most favorable to the plaintiff and keeping in mind the plaintiff's *pro se* status, the Court construes the complaint as alleging that the grievance she filed with the EEOC was for a violation of ADEA, as well as for Title VII. Furthermore, although the plaintiff does not state that she obtained a right-to-sue letter for her ADEA claim, the plaintiff was not required to procure such a letter before filing her ADEA action with this Court. Accordingly, the defendant's motion to dismiss Canty's ADEA claim for failure to exhaust her administrative remedies is denied.

### D. Leave to Amend

■ Although the plaintiff has not filed a formal motion to amend her complaint, the Court assumes because of Canty's *pro se* status that such a motion would be sought. Rule 15(a) of the Fed.R.Civ.P. provides in pertinent part that leave to amend a party's pleading "shall be freely given when justice so requires." When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. *Thompson v. Carter*, 284 F.3d 411, 419 (2d Cir.2002) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991)). With respect to the plaintiff's claims for gender and racial discrimination, the Court grants leave to amend the complaint for the limited purpose of demonstrating that a right-to-sue letter has been obtained.

The Court notes that if, after discovery, the plaintiff has still not submitted a copy of the grievance she filed with the EEOC and has not established that such grievance was filed, the defendant may renew their motion to dismiss her complaint in its entirety for failure to exhaust her administrative remedies.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the plaintiff's claims for racial and gender discrimination is **DISMISSED** without prejudice; and it is further

**ORDERED,** that the defendant's motion to dismiss the plaintiff's ADEA claim is **DENIED;**

**ORDERED,** that the plaintiff is **GRANTED** leave to file an amended complaint within 30 days of the date of this order; and it is further

**ORDERED,** that the parties are directed to report forthwith to United States

Magistrate Judge Arlene R. Lindsay to set a schedule for discovery.

**SO ORDERED.**