Wanda HERNANDEZ, Plaintiff,

v.

John E. POTTER, Defendant.

Civil No. 06–1239 (FAB).

United States District Court,
D. Puerto Rico.

June 20, 2007.

Elaine Rodriguez–Frank, San Juan, PR, for Plaintiff(s).

Agnes I. Cordero, Ginette L. Milanes, United States Attorney's Office, San Juan, PR, for Defendant(s).

## MEMORANDUM AND ORDER

FRANCISCO A. BESOSA, District Judge.

On March 7, 2006, plaintiff Wanda Hernandez ("Hernandez") filed this complaint alleging discrimination based on gender, national origin, race, and disability pursuant to the Rehabilitation Act and Title VII

(Docket No. 1). On March 8, 2007, defendant John Potter ("Potter") moved for summary judgment on Hernandez's claims, arguing that she failed to exhaust administrative remedies (Docket No.10). On March 23, 2007, Hernandez opposed (Docket No. 13, 14). For the reasons discussed below, the Court **GRANTS** Potter's motion for summary judgment and dismisses this case.

## DISCUSSION

 "An individual who has suffered discrimination at the hands of a federal employer on account of race, color, religion, gender, or national origin must file an administrative complaint with the EEOC within 180 days of the alleged unlawful employment practice." *Jorge v. Rumsfeld*, 404 F.3d 556, 564 (1st Cir.2005). "The employee may commence a civil action against her employer if, and only if, the EEOC has dismissed the administrative complaint or has itself failed to begin a civil action within 180 days of the original EEOC filing." *Id.* The employee shall have ninety days in which to file suit from the date that the Attorney General notifies the employee that either the EEOC dismissed the charge or failed to take action within 180 days. *See* 42 U.S.C. § 2000e–5(f)(1). This notice is what is known as a Right–to–Sue Letter. "Exhaustion has two key components: the timely filing of a charge with the EEOC and the receipt of a right-to-sue letter from the agency." *Jorge*, 404 F.3d at 564.

 In this case, Potter argues that Hernandez failed to exhaust administrative remedies because she withdrew her charge with the EEOC before there was an adjudication on the merits. The argument is without merit because the statute specifically provides that if the EEOC does not take action within 180 days, the employee need not wait for a final determination and may file suit in district court. That she need not continue with the administrative process notwithstanding, Hernandez's failed to exhaust administrative remedies because after the 180 days and before she filed suit, she was required to request a right-to-sue letter from the EEOC. It is not sufficient to simply withdraw the charge. Hernandez needs a notice from the EEOC that it is terminating its proceedings and she has the right to sue in district court. *Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1238 (7th Cir.1980)(We "hold that receipt of a right to sue letter is a prerequisite to the maintenance of suit under Title VII."); *Canty v. Wackenhut Corrections Corp.*, 255 F.Supp.2d 113, 117 (E.D.N.Y.2003)("[W]hile the complaint alleges that a grievance was filed with the EEOC, it does not state that [plaintiff] obtained a right-to-sue letter. Thus, she has not demonstrated that she has exhausted her administrative remedies."); *Jackson v. Blue Dolphin Communications of North Carolina, L.L.C.*, 226 F.Supp.2d 785, 790 (W.D.N.C.2002)("An individual must obtain a right-to-sue letter from the EEOC before bringing a Title VII claim in federal court.").

Hernandez has not shown that she received a right-to-sue letter from the EEOC before filing this complaint. Accordingly, she is barred from bringing suit since she has failed to exhaust administrative remedies. The pretrial conference scheduled for Thursday, June 21, 2007 is vacated, and the Court's order dated June 18, 2007 (Docket No. 20) is set aside.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Potter's motion for summary judgment. Hernandez's claims are dismissed **without prejudice** for failure to

exhaust administrative claims. Judgment shall enter accordingly.

**IT IS SO ORDERED.**