Rosalind **KRASNER**, Plaintiff,

v.

The **EPISCOPAL DIOCESE OF LONG ISLAND, Church of the Advent, Jeffrey Krantz, Reverend (sued in his individual capacity pursuant to N.Y. Executive Law sec. 290 et seq.), Ken Sybesma (sued in his individual capacity pursuant to N.Y. Executive Law sec. 290 et. seq.), Defendants.**

No. 03 CV 6253(ADS)(MLO).

United States District Court, E.D. New York.

May 13, 2006.

Scott Michael Mishkin, Esq., Islandia, NY, for Plaintiff.

Lynch & Lynch by Brian M. Hussey, Esq., and James D. Lynch, Esq., Mineola, NY, for Defendant The Episcopal Diocese of Long Island.

Law Offices of Frederick K. Brewington, Hempstead, NY, for Defendants Church of the Advent, Jeffrey Krantz, and Ken Sybesma.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

This case involves claims by the plaintiff Rosalind Krasner ("Krasner" or the "Plaintiff") of sexual harassment and a hostile work environment against The Episcopal Diocese of Long Island (the "Diocese"), Church of the Advent (the "Church"), Reverend Jeffrey Krantz ("Krantz"), and Reverend Ken Sybesma ("Sybesma") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the New York Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYHRL"). Presently before the Court are the following motions: a motion by the Church to dismiss the second amended complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P."); a motion by Krantz and Sybesma to dismiss the complaint pursuant to Fed. R.Civ.P. 12(b)(6); and a motion by the Diocese for summary judgment under Fed. R.Civ.P. 56.

## I. BACKGROUND

The factual background was fully set forth in this Court's two previous Orders dated August 9, 2004, and July 5, 2005. Familiarity with those decisions is assumed. In the August 9, 2004 Order, the Court dismissed all the claims against the Diocese, with leave to amend, for the Plaintiff's failure to allege in the complaint that the Diocese was her employer. On September 7, 2004, the Plaintiff filed the first amended complaint against all of the defendants, which appeared to correct the deficiencies noted in the Court's order.

In the July 5, 2005 Order, the Court dismissed all the claims against the Church, with leave to amend, for the Plaintiff's failure to sufficiently allege in the complaint that the Church was an entity or employer subject to suit under Title VII or the NYHRL. On August 3, 2005, the Plaintiff filed the second amended complaint against all the defendants that added, among other things, allegations that the Church is a New York domestic not-for-profit corporation and was the Plaintiff's employer under Title VII and the NYHRL.

## II. DISCUSSION

### A. As to the Church's Motion to Dismiss

The motion by the Church to dismiss the second amended complaint for

lack of subject matter jurisdiction contains the same two arguments that were advanced, and rejected, in its previous motion to dismiss the amended complaint. In that motion the Church first contended that it did not employ fifteen or more employers to be considered an "employer" within the meaning of Title VII. In the July 5, 2005 Order the Court rejected the Church's argument that the Court lacked subject matter jurisdiction with regard to the Plaintiff's amended complaint. *See* Order of July 5, 2005 at 4. Although the Court noted that at that time there appeared to be a split in the circuits as to whether this issue was a jurisdictional question or a merit inquiry, the Second Circuit had determined that the question was not jurisdictional, but a "ground for defeating [the] claim on the merits." *See* Order of July 5, 2005 at 4 (quoting *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 365 (2d Cir.2000)) (citing *Fernandez v. M & L Milevoi Mgmt.*, 357 F.Supp.2d 644, 647 (E.D.N.Y.2005)). After the Court's decision, the Supreme Court has resolved the split in the circuits and held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, —— U.S. ——, ——, 126 S.Ct. 1235, 1245, 163 L.Ed.2d 1097 (2006).

■ In its second contention, in its previous motion to dismiss the amended complaint, the Church argued that the Plaintiff's failure to name the Church in the complaint filed against the Diocese with the EEOC divests this Court of subject matter jurisdiction over the action. In the July 5, 2005 Order, the Court expressly ruled that the pre-requisite filing before the EEOC is also not a jurisdictional requirement. *See* Order of July 5, 2005 at 5 (citing *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir.2000)). The Court explained that "[a]s a consequence, the Court may consider 'only the facts alleged

in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken....'" *See Id.* at 6 (citing *Samuels v. Air Transport Local 504*, 992 F.2d 12, 15 (2d Cir.1993)).

Notwithstanding the Court's prior Order, and the authority cited to the contrary, the Church again seeks to dismiss the complaint for lack of subject matter jurisdiction based on the theories that the threshold number of employees and the filing of a complaint with the EEOC are jurisdictional requirements. In addition, the Church again relies on and attempts to have the Court consider the numerous documents it has attached as exhibits in support of its position on these issues. At this stage of the case, the Court cannot consider the extraneous documents that have been submitted by both parties that go to the merits of case. Therefore, the Church's motion to dismiss for lack of subject matter jurisdiction is denied.

**B. As to the Motion to Dismiss by Krantz and Sybesma**

■ The second amended complaint seeks a money judgment from Krantz and Sybesma for violations of the New York Executive Law. Sybesma argues that the complaint should be dismissed under Rule 12(b)(6) for failure to state a claim because he was not a supervisor. However, as previously stated in the Court's July 5, 2005 Order, Section 296(6) of the N.Y. Exec. law permits actions against individuals, not only supervisors or employers. *See* Order of July 5, 2005 at 9 (citing N.Y. Exec. Law § 296(6)).

■ In addition, the Court finds that the allegations against Sybesma and Krantz of sexual harassment in the second amended complaint clearly sets forth "a short plain statement of the claim showing that the pleader is entitled to relief."

*Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 508, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Accordingly, the motion to dismiss the state law claims against Sybesma and Krantz for failure to state a claim is denied.

## C. As to the Motion by the Diocese for Summary Judgment

Prior to the completion of discovery, the Diocese filed this motion for summary judgment arguing that it is not an employer under Title VII and that the Plaintiff is not its employee. In support, the Diocese relies solely on the Plaintiff's admission that the Diocese did not hire the Plaintiff nor provide her with a salary, retirement benefits, health insurance benefits, life insurance benefits, disability benefits, or premiums for any such programs.

Summary judgment is proper only where no genuine issue of material fact exists to present to the jury. Rule 56 of the Federal Rules of Civil Procedure states:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed R. Civ. P. 56(c).

A motion for summary judgment should be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550, 91 L.Ed.2d 265 (1986). The moving party bears the burden of establishing the absence of a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). In deciding a motion for summary judg-

ment, the Court must view the evidence in the light most favorable to the nonmoving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14 (1986); *Vann v. City of New York*, 72 F.3d 1040, 1048–49 (2d Cir. 1995). Notably, "the trial court's task at the summary judgment motion state of litigation is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to decide them. Its duty, in short, is confined at this point to issue-finding, it does not extend to issue resolution." *Gallo v. Prudential Residential Servs. Ltd.*, 22 F.3d 1219, 1224 (2d Cir.1994); *see Donahue v. Windsor Locks Board of Fire Commissioners*, 834 F.2d 54, 57 (2d Cir.1987) (holding that on a motion for summary judgment, the court "cannot try issues of fact; it can only determine whether there are issues to be tried").

Title VII prohibits discrimination based on race, color, religion, sex, or national origin by an "employer." 42 U.S.C. § 2000e–2. An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b). An "employee" is "an individual employed by an employer." 42 U.S.C. § 2000e(f). To establish that the plaintiff is an "employee" within the definition of Title VII, she must first show she was "hired by the putative employer." *United States v. City of New York, et al.*, 359 F.3d 83, 92 (2d Cir.2004). In addition to hiring, "the question of whether someone is or is not an employee under Title VII usually turns on whether he or she has received direct or

indirect remuneration from the alleged employer." *York v. Ass'n of the Bar,* 286 F.3d 122, 125–26 (2d Cir.2002) (quoting *Pietras v. Bd. of Fire Comm'rs of the Farmingville Fire Dist.,* 180 F.3d 468, 473 (2d Cir.1999)). The remuneration may be in the form of a salary or consist of "substantial benefits not merely incidental to the activity performed." *Id.* at 126.

In this case, the Plaintiff argues that the Diocese may be liable to the Plaintiff even if it did not directly hire or employ her under the "joint employer" doctrine, if she can prove that the Diocese controlled certain aspects of her employment with the Church, including her compensation, privileges, terms, and conditions. The Court agrees.

■ "There is well-established authority under this theory that, in appropriate circumstances, an employee, who is technically employed on the books of one entity, which is deemed to be part of a larger 'single-employer' entity, may impose liability for certain violations of employment law not only on the nominal employer but also on another entity comprising part of the single integrated employer." *Arculeo v. On–Site Sales & Mktg., L.L.C.,* 425 F.3d 193, 198 (2d Cir.2005) (citing *Cook v. Arrowsmith Shelburne, Inc.,* 69 F.3d 1235, 1240–41 (2d Cir.1995)). Under the "single-employer" doctrine, also known as the "joint employer" theory, "an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer." *Id.*

■ In assessing whether a joint employer relationship exists, courts generally look for evidence of (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. *Cook,* 69 F.3d at 1240; *Woodell v. United Way,* 357 F.Supp.2d 761, 767 (S.D.N.Y. 2005).

■ In this motion, the Diocese has offered no evidence to meet its burden of establishing the absence of a genuine issue of material fact with regard to the factors used to determine whether a joint employer relationship exists. On the other hand, the Plaintiff has set forth, in her responses to the Diocese's interrogatories, among other things, that she was directed to perform duties by the Diocese; that she attended training offered by the Diocese; that she participated in the Diocese group plan health insurance; and that the Diocese controlled aspects of her compensation, hours, and job duties. These contentions present genuine issues of material fact as to whether there was common ownership and control between the Diocese and the Church that preclude summary judgment.

■ In addition, the Plaintiff claims that the Defendants declined to provide discovery responses necessary to the filing of her opposition to the instant motion. Summary judgment may be unavailable if the nonmoving party has not had a full opportunity for discovery. *Hellstrom v. U.S. Dept. of Veterans Affairs,* 201 F.3d 94, 97 (2d Cir.2000); *see also Berger v. United States,* 87 F.3d 60, 65 (2d Cir.1996) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "The nonmoving party must have 'had the opportunity to discover information that is essential to his opposition' to the motion for summary judgment." *Trebor Sportswear Co. v. The Limited Stores, Inc.,* 865 F.2d 506, 511 (2d Cir.1989) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Only in the rarest

of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom,* 201 F.3d at 97; *see Sutera v. Schering Corp.,* 73 F.3d 13, 18 (2d Cir.1995); *Meloff v. New York Life Ins. Co.,* 51 F.3d 372, 375 (2d Cir.1995); *Jones v. Coughlin,* 45 F.3d 677, 680 (2d Cir.1995).

■ Indeed, despite the fact that this action was commenced more than two years ago on December 11, 2003, the parties have conducted only limited discovery. Until recently, the defendants have been engaged in motion practice in an attempt to dismiss the complaint. The Diocese only answered the second amended complaint on October 18, 2005. At that time the defendants requested that only limited discovery be conducted so that they may file the instant motions. Further, at the time the Plaintiff filed her opposition, apparently the Defendants had not provided the Plaintiff with some of the discovery that she requested in order to oppose this motion. The Court will not grant a motion for summary judgment without the non-moving party first having the opportunity to fully discover information that is essential to her opposition to the motion. Accordingly, the motion for summary judgment is denied without prejudice, and may be renewed after all parties have completed discovery.

### III. CONCLUSION

For all the foregoing reasons, it is hereby

**ORDERED,** that the motion by the Church of the Advent to dismiss for lack of subject matter jurisdiction is DENIED; and it is further

**ORDERED,** that the motion by Krantz and Sybesma to dismiss the complaint for failure to state a claim is DENIED; and it is further

**ORDERED,** that the motion by the Diocese for summary judgment is DENIED

without prejudice, and may be renewed after all parties have completed discovery; and it is further

**ORDERED,** that the parties are directed to report to United States Magistrate Judge Michael L. Orenstein forthwith to set an expedited schedule for the completion of discovery.

**SO ORDERED.**